UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VICKIE TAYLOR                                                                 PLAINTIFF

V.                                          CIVIL ACTION NO. 3:20-CV-162-KHJ-LGI

WALMART TRANSPORTATION, LLC;                      DEFENDANTS
TERRY HERNDON; and JOHN DOES 1-10

ORDER

This matter is before the Court on Defendants Walmart Transportation, LLC, ("Walmart") and Terry Herndon's Motion for Order Allowing Supplemental Evidence [90]. For the reasons below, the Court grants this motion. The Court will reopen discovery for 30 days, until July 22, 2021, so the Parties may conduct limited discovery related to the surveillance video.

I.      Facts and Procedural History

Plaintiff Vickie Taylor sued Walmart and Herndon for negligence in relation to a vehicular accident in August 2017. *See* [1-2]. Taylor claims she suffered "serious physical injuries" and seeks damages for "past, present, and future pain and suffering; past, present[,] and future medical expenses; lost wages; loss of wage earning capacity (loss of future wages); and other damages." *Id.*, ¶ 12. Discovery closed on May 14, 2021, after multiple extensions. Text-Only Order dated 2/5/2021.

Four days (but two business days) after discovery closed, Defendants supplemented their initial disclosures to include surveillance video of Taylor that

they obtained from their investigators, the Espy Group. [90-2] at 6. The next day, they again supplemented their disclosures to add three witnesses from the Espy Group. [90-3] at 3. Defendants admit they had this video since April 2021 but believed they did not need to produce it as they intended to use it only for impeachment. [90] at 1-2.

II. Standard

Federal Rule of Civil Procedure 37 provides a party who "fails to provide information or identify a witness as required by Rule 26(a) or (e)" may not "use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether a failure to disclose is harmless, the Court considers four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003) (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)).

III. Analysis

Defendants move the Court to allow supplemental discovery related to the surveillance video, arguing such evidence is necessary to refute Taylor's claim for damages and that its late production is not prejudicial. [90] at 1-3. Taylor responds that the Court should exclude this evidence as its late production has prejudiced

2

her. [106] at 3-5. The Court examines the Parties' arguments using the four factors from *Texas A&M Research Foundation*, 338 F.3d at 402.

A.  Importance of the Evidence

Defendants assert that the surveillance video is "directly related to the damages asserted in this matter." [90] at 2. Taylor does not dispute that this evidence is important. She supports its importance by arguing how necessary its timely disclosure was as it goes to damages. [106] at 3-5. The Court therefore finds this factor met.

B.  Prejudice to Taylor

Taylor argues she is prejudiced in two ways. First, she argues that, because the motions deadline has passed, the Court may be unable to address the current motion promptly as its docket is heavy and the parties anticipate filing "a bevy" of motions. [106] at 5. As the Court is timely addressing Defendants' motion despite the multiple motions parties have submitted, this argument is unavailing.

Second, Taylor contends allowing this evidence would require the reopening of discovery to give her the opportunity to discover any other footage and raw data and depose Defendants' investigator. [106] at 5. She says this would hamper the Parties' ability to make the October 29, 2021 ADR report deadline and their ability to prepare for trial by December 20, 2021. The ADR report deadline is over four months from the date of this Order, and trial is currently set for nearly two months after that deadline. Even if the Court reopens discovery only for obtaining discovery

related to the surveillance footage, the Parties have ample time to meet both the ADR report deadline and prepare for trial. This factor favors allowing the evidence.

C. Possibility of Curing Prejudice by a Continuance

With nearly six months between this Order and the trial date, the Court does not find a continuance is necessary. As a precaution, the Court will reopen the discovery period for another 30 days to allow limited discovery related to the surveillance videos. Parties will be allowed to present arguments for a continuance—for either the ADR report deadline or the trial—should they believe in good faith that one is necessary to cure any prejudice caused by reopening discovery for this short time. This factor favors allowing the evidence.

D. Defendants' Explanation for the Failure to Disclose

Defendants state they did not believe the surveillance video needed to be produced as they initially intended to use it only as impeachment evidence. [109] at 1-2. Though the Court does not find this reason particularly persuasive, because the other factors favor finding the late disclosure harmless, it will not preclude the evidence on this basis alone.

IV. Conclusion

The Court has considered all the arguments set forth by the Parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court GRANTS Defendants' Motion for Order for Allowing Supplemental Evidence [90]. The Court will reopen discovery for 30 days,

until July 22, 2021, so the Parties may conduct limited discovery related to the surveillance video.

SO ORDERED AND ADJUDGED this the 22nd day of June, 2021.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE