UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VICKIE TAYLOR                                                            PLAINTIFF

V.                                      CIVIL ACTION NO.  3:20-CV-162-KHJ-LGI

WALMART TRANSPORTATION, LLC;                             DEFENDANTS
TERRY HERNDON; and JOHN DOES 1-10

ORDER

Before the Court is a Motion for Partial Summary Judgment [57] filed by Defendants Walmart Transportation, LLC ("Walmart") and Terry Herndon (collectively, "Defendants"). Defendants ask the Court to dismiss Plaintiff Vickie Taylor's claims for money damages from medical treatment by Dr. Dinesh Goel and the Medical Clinic of Mississippi ("the Clinic"). For the following reasons, the Court denies the motion.

I.      Factual Background and Procedural History

Most facts are uncontested. This case arises out of a motor vehicle accident that occurred on August 29, 2017. [57] at 1. Taylor was driving her vehicle north on Interstate 55 in Jackson, Mississippi. State Court Compl. [2-2] at 2. She alleges that Terry Herndon, an employee of Wal-Mart, was driving a 2015 Freightliner Cascadia tractor-trailer directly behind her in heavy traffic. *Id.* She contends that Herndon negligently caused a collision between his vehicle and hers. *Id.* at 3. Walmart admits that Herndon was negligent for not securing the cowling, i.e., the removable

covering of the vehicle's engine, that Defendants allege later rotated forward and hit Taylor's vehicle, causing damage. Mot. for Summ. J. [96] at 2. *See also* Herndon Answer [2-15]; Walmart Answer [2-16].

The day of the accident, Taylor retained attorney Matt Newman to represent her in this litigation. [57] at 2. Newman's law firm referred Taylor to Dr. Goel at the Clinic for treatment of her injuries arising from the accident. *Id.* Two days after the accident, Taylor sought medical treatment from Dr. Goel. *Id.* At that time, she entered into a written agreement ("the Agreement") to account for the Clinic's compensation for treatment of injuries from the accident. *Id.* The relevant language from the Agreement is recounted below:

> I, (patient) hereby grant and assign to Medical Clinic of Mississippi and/or Dinesh Goel, M.D. ("The Clinic") all rights to payment of The Clinic's charges for my medical treatment by the Clinic from my claim for personal injury which occurred on or about (accident).
>
> I hereby authorize and direct you, Matt Newman, (MY ATTORNEY), to submit The Clinic's bills for payment to the private third parties and pursue the claim assigned to The Clinic and to pay directly to The Clinic such sums as may be due and owing to The Clinic for medical services rendered to me, both by reason of this accident and by reason of any other bills for my treatment that are due to The Clinic. I hereby further give a lien on my case to the Clinic for the amounts owed to The Clinic against any and all proceeds of any settlement, judgment, or verdict for my personal injury claim which may be paid to you, my attorney, or myself, as the result of the injuries for which I have been treated or injuries connected herewith.

*Id.*

Taylor sued Walmart and Herndon on January 30, 2020, alleging that she suffered injuries and medical damages because of the accident. *Id.*; *see also* [2-2] at 3-4. Taylor alleges that she incurred $17,480.79 in damages from Dr. Goel's medical

treatment. [57] at 3. After Taylor sued, Dr. Goel and the Clinic reassigned the rights from the Agreement back to Taylor on February 8, 2021. Reassignment Agreement [57-4]. Defendants ask the Court to grant summary judgment and prevent Taylor from recovering damages from medical expenses incurred from Dr. Goel and the Clinic. Defendants argue Taylor may not recover these damages because Dr. Goel and the Clinic were necessary parties who did not join the lawsuit within the three-year statute of limitations period, and the reassignment occurred about five months after the statute of limitations ran. Mem. in Support of Mot. Summ. J. [59] at 3-4.

II.     Standard

When considering a motion under Federal Rule of Civil Procedure 56, the Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if, under the applicable substantive law, 'its resolution could affect the outcome of the action.'" *Patel v. Tex. Tech Univ.*, 941 F.3d 743, 747 (5th Cir. 2019) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)). "An issue is 'genuine' if 'the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party.'" *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In analyzing a motion for summary judgment, "the judge's function is not [her]self to weigh the evidence and determine the truth of the matter but to determine whether there is a

genuine issue for trial." *Klocke v. Watson*, 936 F.3d 240, 246 (5th Cir. 2019) (quoting *Anderson*, 477 U.S. at 249). The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Duval v. N. Assur. Co. of Am.*, 722 F.3d 300, 303 (5th Cir. 2013).

III. Analysis

Mississippi's statute of limitations for personal injury actions is three years. Miss. Code Ann. § 15-1-49. Taylor filed this lawsuit in Mississippi state court within the three-year statute of limitations. *See* [2-2]. Defendants argue, however, that Taylor is barred from recovering her medical damages because Dr. Goel and the Clinic did not join the lawsuit or reassign the Agreement's payment rights back to Taylor within the three-year period. [57] at 4. Thus, Defendants argue, Taylor is precluded from these damages as a matter of law.

To support their argument, Defendants cite to *Evans v. Roger's Trucking, Inc.*, No. 3:19-cv-157, 2019 WL 10506082 (S.D. Miss. Nov. 12, 2019); [57-C]. In that case, the Court reviewed an assignment agreement identical to the Agreement here and required Dr. Goel and the Clinic to join as parties in the plaintiff's lawsuit for damages arising from a motor vehicle accident. The Court stated that Mississippi law provides for where "there has been a partial assignment . . . an assignee . . . should join . . . all the parties in interest, so that . . . a single decree may determine the duty to each claimant[] and protect the rights and interests of each party in interest." *Id.* at *2 (citing *Hull v. Townsend*, 186 So.2d 478, 480 (Miss. 1966)).

After the Court determined that Dr. Goel and the Clinic were necessary parties because of the assignment agreement, Dr. Goel and the Clinic reassigned the payment rights back to the plaintiff in that case. *See Evans v. Roger's Trucking, Inc.*, No. 3:19-cv-157, 2020 WL 5588810, at *1 (S.D. Miss. April 24, 2020). The Court then held that Dr. Goel and the Clinic could reassign their rights, and that "[b]y executing the new assignment, the Clinic and Dr. Goel have relinquished ownership interest in Plaintiff's right to payment of the Clinic's and Dr. Goel's charges for the Plaintiff's medical treatment arising from Plaintiff's [] motor vehicle accident." *Id.* Because the Clinic and Dr. Goel reassigned their rights, the plaintiff did not have to add them as a party and could seek the medical damages originally assigned to the Clinic and Dr. Goel. *Id.* at *2.

Here, Defendants offer no authority to support that the reassignment had to occur before the three-year statute of limitations otherwise Taylor cannot recover. Nor do Defendants cite case law suggesting that even if the reassignment had never occurred, the Clinic and Dr. Goel's claims would not relate back to Taylor's Complaint. And the Court cannot find any support for these arguments either. Taylor filed her lawsuit within the 3-year statute of limitations. At no point did she relinquish her rights to her negligence claim. The Clinic and Dr. Goel reassigned Taylor the rights to payment for her medical damages during the pendency of the lawsuit. There is therefore no genuine issue of material fact and no legal authority offered to contradict that Taylor's medical damages from the Clinic and Dr. Goel are legally hers to recover.

IV.     Conclusion

The Court has considered all the arguments set forth by the Parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court DENIES Defendants' Motion for Partial Summary Judgment [57].

SO ORDERED AND ADJUDGED this the 1st day of October, 2021.

s/ *Kristi H. Johnson*<br>
UNITED STATES DISTRICT JUDGE