UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VICKIE TAYLOR                                                                                      PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:20-CV-162-KHJ-LGI

WALMART TRANSPORTATION, LLC;                                           DEFENDANTS
TERRY HERNDON; and JOHN DOES 1-10

ORDER

Before the Court is a Motion for Partial Summary Judgment [96] filed by Walmart Transportation, LLC ("Walmart") and Terry Herndon (collectively, "Defendants") and a Motion for Partial Summary Judgment [100] filed by Plaintiff Vickie Taylor. For the following reasons, the Court denies Defendants' motion and grants Taylor's motion.

I.     Facts and Procedural History

Most facts are uncontested. This case arises out of a motor vehicle accident that occurred on August 29, 2017. [96] at 1. Taylor was driving her vehicle north on Interstate 55 in Jackson, Mississippi. Compl. [2-2] at 2. She alleges that Terry Herndon, an employee of Walmart, was driving a 2015 Freightliner Cascadia tractor-trailer directly behind her in heavy traffic. *Id.* She contends that Herndon negligently caused a collision between his vehicle and hers. *Id.* at 3. In its Answer, Walmart admitted that Herndon was acting within the scope of his employment during the accident, and Walmart would be vicariously liable if Herndon was

negligent. [96] at 2 ¶ 4. Walmart later admitted that Herndon was negligent for not securing the cowling, i.e., the removable covering of the vehicle's engine, that Defendants allege later hit Taylor's vehicle, causing damage. Mot. for Summ. J. [96] at 2. *See also* Herndon Answer [2-15]; Walmart Answer [2-16].

In their motion, Defendants dispute Taylor's use of the word "collision" to describe the accident. They insist that no "bumper-to-bumper 'collision' occurred," and Herndon did not rear end Taylor's vehicle. [96] at 2. Rather, they admit that the cowling rotated forward onto Taylor's vehicle, causing contact between the vehicles. *Id.* Defendants ask the Court to find that "[n]o set of facts makes [the collision] version plausible, despite [Taylor's] testimony to the contrary." *Id.* Taylor, on the other hand, asserts that how the crash occurred is "not an issue on which the Court may grant summary judgment." Mem. in Opp. [128] at 1.

Taylor also moves for partial summary judgment on liability. [100]. She argues Defendants already admitted liability by their admission of Herndon's negligence and their version of events. She therefore moves for summary judgment against Defendants on liability. [100].

II.   Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Levy Gardens Partners 2007, L.P. v. Commonwealth Land Title Ins. Co.*, 706 F.3d 622, 628 (5th Cir. 2013) (citation

omitted). A party seeking to avoid summary judgment must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Duval v. N. Assur. Co. of Am.*, 722 F.3d 300, 303 (5th Cir. 2013).

    III.    Analysis

        A.    Defendants' Motion for Partial Summary Judgment [96]

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Defendants do not ask the Court to rule that there is no genuine dispute of a material fact in support of a legal claim or defense. Instead, Defendants seek summary judgment on a fact about the nature of the accident. As stated by the Supreme Court of Mississippi, "[m]otions for summary judgment may not be used to determine or decide issues of fact, only to decide whether there are any material fact issues to be tried." *Simmons v. Thompson Mach. of Miss., Inc.*, 631 So. 2d 798, 802 (Miss. 1994). The same holds true here. Whether the accident was a bumper-to-bumper collision or the result of an unsecured cowling falling onto Taylor's car is an issue of fact. Defendants have admitted Herndon's negligence, and therefore the precise nature of the accident is a factual issue relevant only to causation and the extent of Taylor's damages. The Court denies Defendants' motion.

B.	Taylor's Motion for Partial Summary Judgment [100]

Taylor asks the Court to find Defendants liable for the accident in her Motion for Partial Summary Judgment. [100]. The elements of negligence are well-settled under Mississippi law: duty, breach, causation, and damages. *Sanderson Farms, Inc. v. McCullough*, 212 So. 3d 69, 76 (Miss. 2017).

Defendants contend that "the issues of causation and damages are still disputed." Resp. in Opp. [126] at 2. Defendants, however, admit "that they are liable for the vertical impact between Herndon's hood and Plaintiff's rear trunk lid." *Id.* at 4 ¶ 9. Defendants also "have accepted responsibility for the property damages" but contest "that [Taylor] suffered any bodily injuries from the accident." *Id.* at 2 ¶ 3. Defendants ask the Court to refrain from granting Taylor's motion if there are "disputed versions of the point of impact of the vehicles." *Id.*

A plaintiff need not prove the exact point of impact or method of contact to establish a defendant's liability. The vehicles' point of impact is a fact question on which the parties may disagree. But the Court finds that this factual dispute holds no relevance to liability. Defendants admit Herndon, an on-duty Walmart employee, was negligent and that his negligence caused at least some of Taylor's damages. [96] at 2 ¶ 4; [126] at 2 ¶ 3. No record facts dispute this conclusion. There is no genuine issue of material fact about Defendants' liability for Herndon's negligence. But the nature and extent of damages his negligence caused is a fact issue for the jury to resolve at trial. The Court grants Taylor's motion.

IV.   Conclusion

This Court has considered all arguments. Arguments not addressed in this Order would not have changed the outcome. For reasons stated, the Court DENIES Defendants' Motion for Partial Summary Judgment [96] and GRANTS Taylor's Motion for Partial Summary Judgment [100].

SO ORDERED AND ADJUDGED this the 5th day of October, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE