UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VICKIE TAYLOR                                                                                          PLAINTIFF

V.                                                  CIVIL ACTION NO. 3:20-CV-162-KHJ-LGI

WALMART TRANSPORTATION, LLC;                                                        DEFENDANTS
TERRY HERNDON; and JOHN DOES 1-10

ORDER

This matter is before the Court on Defendants Walmart Transportation, LLC ("Walmart") and Terry Herndon's Motion for Reconsideration [159]. For the following reasons, the Court denies the motion.

I.      Facts and Procedural History

Most facts are uncontested, and neither party changed their characterization of the facts since this Court's October 1, 2021 Order [156]. The Court reiterates the relevant facts from that Order.

This case arises out of a motor vehicle accident that occurred on August 29, 2017. Mot. Summ. J. [57] at 1. Taylor was driving her vehicle north on Interstate 55 in Jackson, Mississippi. Compl. [2-2] at 2. She alleges that Terry Herndon, an employee of Walmart, was driving a 2015 Freightliner Cascadia tractor-trailer directly behind her in heavy traffic. *Id.* She contends that Herndon negligently caused a collision between his vehicle and hers. *Id.* at 3. Walmart admits that Herndon was negligent for not securing the cowling, i.e., the removable covering of

the vehicle's engine, that Defendants allege later rotated forward and hit Taylor's vehicle, causing damage. Mot. for Summ. J. [96] at 2; *see also* Herndon Answer [2-15]; Walmart Answer [2-16].

The day of the accident, Taylor retained attorney Matt Newman to represent her in this litigation. [57] at 2. Newman's law firm referred Taylor to Dr. Dinesh Goel at the Medical Clinic of Mississippi (the "Clinic") for treatment of her injuries arising from the accident. *Id.* Two days after the accident, Taylor sought medical treatment from Dr. Goel. *Id.* At that time, she entered into a written agreement ("the Agreement") to account for the Clinic's compensation for treatment of injuries from the accident. *Id.* The relevant language from the Agreement is recounted below:

> I, (patient) hereby grant and assign to Medical Clinic of Mississippi and/or Dinesh Goel, M.D. ("The Clinic") all rights to payment of The Clinic's charges for my medical treatment by the Clinic from my claim for personal injury which occurred on or about (accident). I hereby authorize and direct you, Matt Newman, (MY ATTORNEY), to submit The Clinic's bills for payment to the private third parties and pursue the claim assigned to The Clinic and to pay directly to The Clinic such sums as may be due and owing to The Clinic for medical services rendered to me, both by reason of this accident and by reason of any other bills for my treatment that are due to The Clinic. I hereby further give a lien on my case to the Clinic for the amounts owed to The Clinic against any and all proceeds of any settlement, judgment, or verdict for my personal injury claim which may be paid to you, my attorney, or myself, as the result of the injuries for which I have been treated or injuries connected herewith.

*Id.*

Taylor sued Walmart and Herndon on January 30, 2020, alleging that she suffered injuries and medical damages because of the accident. *Id.*; *see also* [2-2] at

3-4. Taylor alleges that she incurred $17,480.79 in damages from Dr. Goel's medical treatment. [57] at 3. After Taylor sued, Dr. Goel and the Clinic reassigned the rights from the Agreement back to Taylor on February 8, 2021. Reassignment Agreement [57-4]. Defendants asked the Court to grant summary judgment and prevent Taylor from recovering damages based on medical expenses incurred from Dr. Goel and the Clinic. [57] at 4. Defendants argued Taylor may not recover these damages because Dr. Goel and the Clinic were necessary parties who did not join the lawsuit within the three-year statute of limitations period, and the reassignment occurred about five months after the statute of limitations ran. Mem. in Support of Mot. Summ. J. [59] at 3-4.

The Court held that Taylor is legally entitled to recover medical damages incurred from the Clinic and Dr. Goel because: (1) Taylor initiated the instant lawsuit within the statute of limitations period; (2) there is no case law suggesting re-assignment of claims must occur within the statute of limitations period; (3) there is no evidence Taylor relinquished her rights to her negligence claim; and (4) even if the Clinic and Dr. Goel did not reassign the claims, the assigned claims would relate back to the original complaint. [156] at 5. Defendants now move the Court to reconsider this holding.

II.   Standard

Under Rule 54(b), the Court may revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties…." Fed. R. Civ. P. 54(b). "Ultimately, a motion for

reconsideration is an extraordinary remedy and should be used sparingly in the interest of finality and conservation of judicial resources." *Adams v. United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Indus. of the United States and Canada, AFL-CIO, Local 198*, 495 F. Supp. 3d 392, 396 (M.D. La. 2020) (citation omitted). "The [C]ourt should deny a motion for reconsideration when the movant rehashes legal theories and arguments that were raised or could have been raised before the entry of judgment." *Id.* (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)). The Fifth Circuit has characterized Rule 54(b) motions as "disfavored" and instructs they "should be granted only when necessary to avoid injustice." *Pinkston v. Hall*, No. 5:18-cv-103-MTP, 2020 WL 3472920, at *1 (S.D. Miss. June 25, 2020) (quoting *PYCA Indus., Inc. v. Harrison Cnty Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996)).

III.    Analysis

Defendants urge the Court to reconsider its ruling that Taylor may seek damages from her medical expenses incurred with Dr. Goel and the Clinic. Defendants assert that the Clinic was subject to the same statute of limitations to which Taylor was subject, and because the Clinic and Dr. Goel did not join the lawsuit, Taylor received a worthless claim because the statute of limitations ran five months before reassignment. Mem. in Support of Mot. to Reconsider [160] at 5. Defendants therefore argue that Taylor's recovery of Clinic bills is barred by the statute of limitations. *Id.*

To support their argument, Defendants cite to several cases. First, they rely heavily on *Smith v. Copiah County*, asserting that the case is "dispositive as to how statutes of limitations should be applied to an assignee." *Id.* at 7 (citing *Smith v. Copiah Cnty.*, 100 So. 2d 614, 616 (Miss. 1958)). In *Smith*, the Mississippi Supreme Court held that Smith, an assignee to 50% of claims, could not sue because his counterpart assignor, who had 50% of the other claims, settled the case against the defendant, and he did not sue within the statute of limitations. *Smith*, 100 So.2d at 616.

The Court does not find the facts of *Smith* analogous. Here, neither party disputes that Taylor has legal right to bring her negligence claim against Defendants—she did not assign her entire negligence claim to the Clinic and Dr. Goel, just the specific "rights to payment" of the medical bills she incurred "from [her] claim." [57] at 2. Nor does either party dispute that Taylor sued within the applicable statute of limitations. The most notable difference between this case and *Smith*, however, is that before the re-assignment, Taylor did not settle or otherwise conclude her litigation of the claims to which the Clinic and Dr. Goel had assignment rights.

Defendants also cite several cases explaining that an assignee does not take on greater rights than the assignor. [160] at 7-8. The Court agrees. Even so, Defendants' argument that the Clinic and Dr. Goel received more rights than Taylor, the assignor, is unavailing. Taylor first possessed the right to sue for her claim for medical damages, and then assigned the right to payment of those

5

damages to the Clinic and Dr. Goel. She never relinquished the right to recover for her whole negligence claim. The Clinic and Dr. Goel reassigned the rights to recover for her medical bills during the pendency of the timely-filed litigation directly involving those medical bills. Defendants fail to acknowledge that the claims assigned to the Clinic originated from Taylor and were hers to pursue in the first instance. Re-assignment of the claims does not weaken Taylor's ability to recover for claims that she timely brought before the Court as the original party. *Cf.* Miss. Code Ann. § 11-7-3; *Miss. Phosphates Corp. v. Analytic Stress Relieving, Inc.*, 402 F. App'x 866, 874-75 (5th Cir. 2010) (holding that § 11-7-3 allows actions to be prosecuted under the name of the original parties after an assignment of a chose in action).

    Despite Defendants' contentions to the contrary, the Court's October 1st Order does not stand for a point of law that "any assignee would be allowed to circumvent all applicable statutes of limitations indefinitely, and defendants would be subject to the claims of an assignee *ad infinitum*." [160] at 9. Rather, it holds that Taylor, during a timely-initiated negligence action, can pursue a re-assigned right to payment of damages arising from the negligence claim.

    Defendants do not persuade the Court that reconsideration is necessary to avoid injustice. *See Pinkston*, 2020 WL 3472920, at *1. Thus, the Motion for Reconsideration [159] is denied.

IV.   Conclusion

This Court has considered all arguments. Arguments not addressed in this Order would not have changed the outcome. For reasons stated, the Court DENIES Defendants' Motion for Reconsideration [159].

SO ORDERED AND ADJUDGED this the 15th day of December, 2021.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE