UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


VICKIE TAYLOR                                                    PLAINTIFF

V.                                    CIVIL ACTION NO.  3:20-CV-162-KHJ-LGI


WALMART TRANSPORTATION, LLC;                      DEFENDANTS
TERRY HERNDON; and JOHN DOES 1-10

## ORDER

Before the Court are Defendants Walmart Transportation, LLC, ("Walmart")
and Terry Herndon's Motion to Exclude or Limit Testimony from Dr. Adam Lewis
[91]; Motion to Exclude or Limit Testimony from Kathy Smith, MS, CRC, CLCP and
Dr. Gerald Lee [94]; Motion to Strike Plaintiff's Expert as Untimely [102]; and
Motion to Exclude Portions of the Testimony of Plaintiff's Experts Lewis, Goel, and
Nixon-Gaddis [164]. For the following reasons, the Court grants Defendants' motion
to strike Dr. Nixon-Gaddis as an untimely expert and denies the remaining
motions.

I.      Facts and Procedural History

This case arises from a motor vehicle accident that occurred on August 29,
2017. *See* Order [156] at 1. Plaintiff Vickie Taylor was driving her vehicle in heavy
traffic on Interstate 55 in Jackson, Mississippi, and Defendant Terry Herndon, a
Walmart employee, was driving a 2015 Freightliner Cascadia tractor-trailer directly
behind her. *Id.* Taylor alleges that Herndon negligently caused a collision between

his vehicle and hers. *Id*. Defendants admit liability for Herndon negligently securing the cowling, i.e., the removable covering of the engine's vehicle, which allegedly rotated forward to hit Taylor's vehicle, causing damage. *Id*. at 1-2. Taylor alleges she suffered injuries and medical damages resulting from the accident. Compl. [2-2] at 3-4.

During discovery, Taylor designated Dr. Adam Lewis, along with eight other medical providers, as a treating physician. Mem. in Support of Mot. [92] at 2 (citing [36] at 2). The expert designation stated that Dr. Lewis would testify "regarding the medical care and treatment that Ms. Taylor can expect to incur in the future as a result of the injuries she suffered when she was involved in a motor vehicle crash on or about August 29, 2017." *Id*. (citing [36] at 2). Dr. Lewis did not submit an expert report.

Taylor also designated Kathy Smith, MS, CRC, CLCP as an expert witness. [94-1] at 15-16. Smith "is a certified life care planner and vocational rehabilitationist" who "is expected [to] testify regarding the future medical care of [Plaintiff] and will quantify the cost of this future medical care." *Id*. at 15. She is designated to "testify consistent with her report and deposition testimony in this matter and based upon the opinions and deposition testimony of Dr. Lee, Dr. Goel, and Dr. Lewis, as well as the reports of Dr. Lee." *Id*. at 16.

Dr. Gerald Lee is also a designated expert witness for Taylor. *Id*. at 15-16. Dr. Lee "is an economist and he is expected to testify regarding the present value of the future medical care of [Taylor]." *Id*. at 15. Taylor represented that Dr. Lee "will

testify consistent with his reports and deposition testimony in this matter and based upon the opinions and deposition testimony of Kathy Smith, Dr. Goel, as well as the report of Kathy Smith." *Id.* at 16.

Taylor also designated Dr. Dinesh Goel and Dr. Meravia Nixon-Gaddis as expert witnesses. Mot. to Exclude [164-1] at 4-7, 17. Both are treating physicians designated to testify about Taylor's medical care. *See id.*

## II.    Standard

The purpose of a motion in limine is to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). Though the granting of a motion in limine "does not preclude the party sponsoring the evidence from revisiting the issue at trial," the issue must be raised "outside the jury's presence." *Id.* (quoting *United States v. Beasley*, No. 3:20-CR-36-DPJ-LRA, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020)).

"The district court fulfills a gatekeeper function to exclude irrelevant or unreliable expert testimony." *Green v. Polyester Fibers, LLC*, No. 1:13-CV-234-SA-DAS, 2015 WL 6158813, at *1 (N.D. Miss. Oct. 20, 2015) (citing *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589 (1993)). "Whether a proposed expert should be

3

permitted to testify under Rule 702 'is case, and fact, specific.'" *Id.* (quoting *Hodges v. Mack Trucks Inc.*, 474 F.3d 188, 194 (5th Cir. 2006)). "Thus, the district court retains broad latitude both in deciding how to determine whether an expert's testimony is reliable, and ultimately, whether the testimony is, in fact, reliable." *Id.* (cleaned up).

III.    Analysis

A.  Motion to Exclude or Limit Testimony of Dr. Lewis [91]

The Court first addresses Defendants' motion to exclude or limit the testimony of Dr. Lewis. Defendants challenge two aspects of Dr. Lewis' testimony. They contend that because Dr. Lewis did not produce an expert report, his testimony about future medical damages was not properly disclosed under Federal Rule of Civil Procedure 26. [92] at 8. Defendants also assert that Dr. Lewis' testimony lacks sufficient facts and data and does not meet the reliability requirement of Federal Rule of Evidence 702 and *Daubert*, 509 U.S. at 588. [92] at 9.

Taylor contends that Dr. Lewis' proffered testimony falls within his designation as a treating physician, his opinions are not prejudicial to the Defendants, and his opinions were not developed in anticipation of litigation. Mem. in Opp. [115] at 3-4, 5-7, 9-10. And Taylor alleges that Defendants' challenge to Dr. Lewis' testimony should have been brought before the May 14, 2021 discovery deadline. *Id.* at 10.

4

In reply, Defendants contend that Taylor knew Dr. Lewis's testimony would be used in anticipation of litigation to support a life care plan as of August 21, 2020, when Ms. Smith first met with him with intent to rely on his testimony for the development of a life care plan. Reply [129] at 5. Defendants claim they had no way to know about these meetings because they were "completely undocumented." *Id.* Defendants also assert they had "no prior knowledge of Dr. Lewis' opinions until the moment of his March 1, 2021, deposition." *Id.* at 9. The Court addresses each argument in turn.

i.   Expert Designation

Typically, Rule 26 of the Federal Rules of Civil Procedure requires designated expert witnesses to produce a written report. The Local Rules, however, provide an exception to the written report requirement for some treating physicians designated as experts. "Rule 26[(a)(2)(D)] of the Local Rules requires that the treating physician or medical provider be designated as an expert, but . . . the detailed report as required in Federal Rule 26(a)(2)(B) is not required under the Local Rules for treating health providers designated as experts under that Rule." *Coker v. Walmart Stores East, LP*, No. 2:07-cv-238-B-A, 2009 WL 10675610, at *1 (N.D. Miss. July 21, 2009) (citing *Robbins v. Ryan's Family Steak Houses East, Inc.*, 223 F.R.D. 448, 451 (S.D. Miss. 2004)). "[I]f a treating physician 'does not provide an expert report, his testimony must remain confined to facts disclosed during care and treatment of the patient, including his diagnosis, the causation of a plaintiff's injuries, and the patient's prognosis, as long as the doctor formed those opinions based on his

personal knowledge and observations obtained during the course of care and treatment.'" *Id.*, at \*2 (quoting *Barnett v. Deere*, No. 2:15-cv-2-KS-MTP, 2016 WL 4735312, at \*1 (S.D. Miss. Sept. 11, 2016)).

Both parties rely heavily on *McElveen v. Walmart Stores, Inc.*, No. 2:17-cv-90, 2019 WL 638371 (S.D. Miss. Feb. 14, 2019). In *McElveen*, the defendant objected to the admission of testimony on the plaintiff's future medical costs from the plaintiff's treating physician. *Id.* at \*1. Like this case, the defendants in *McElveen* argued that the plaintiffs did not provide an expert report from the treating physician, and therefore, he could not testify about future medical expenses because his medical records did not contain "mention of any future procedures, their frequency, or their cost." *Id.* The court in *McElveen* held that because the treating physician did not produce an expert report and the plaintiff's medical records did not include information about the plaintiff's future treatment or its cost, the treating physician's testimony related to future treatment was not properly disclosed. *McElveen*, 2019 WL 638731, at \*2. The court, however, allowed the treating physician to offer limited testimony of future medical expenses under Rule 37. *Id.* at 3.

Rule 37 states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

To evaluate whether the failure to disclose was substantially justified or harmless, and thus permit the improperly disclosed expert testimony, the Court considers the next factors:

> (1) the importance of the witnesses' testimony
>
> (2) the prejudice to the opposing party if the witness may testify
>
> (3) the possibility of curing such prejudice by a continuance; and
>
> (4) the explanation, if any, for the party's failure to comply with the discovery order.

*Ulmer v. United States*, No. 2:20-cv-165-TBM-MTP, 2021 WL 4928455, at *2 (S.D. Miss. Oct. 21, 2021) (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996)) (citations omitted).

As in *McElveen*, the Court finds that Dr. Lewis may give limited testimony on future medical damages. Though Taylor did not explain why she did not provide more detailed information about Dr. Lewis' opinions, the Court finds his testimony to be important to Taylor's case. Other expert witnesses allegedly opine on Taylor's future medical damages, but Dr. Lewis' opinions are the basis for two other expert witnesses' assessments those costs (Ms. Smith and Dr. Lee). *See* [94-1]. This fact favors the Court's finding that Dr. Lewis' testimony is important.

The Court also finds no prejudice in allowing Dr. Lewis to testify that, based on his care of Taylor, he believes the prescribed treatments will be necessary for three to ten years. In *McElveen*, the court found no prejudice to the defendants in permitting a treating physician to testify that the plaintiff "may" need ablation

procedures "2-3 times a year . . . at a cost of $22,250.91 each" because defendants discovered this information before the discovery deadline. *McElveen*, 2019 WL 638371, at *3. Here, although Taylor should have included this information in her expert designation, Defendants admit they discovered this information during Dr. Lewis' March 1, 2021 deposition, well before the May 14, 2021 discovery deadline. [91] at 2. Defendants also had a chance to depose Dr. Lewis before the discovery deadline. [129] at 8.

As further support that allowing Dr. Lewis' testimony is not prejudicial, Local Rule 26(a)(3) states, "[c]hallenges as to inadequate disclosure of expert witnesses must be made no later than thirty days before the discovery deadline or will be deemed waived." L. U. Civ. R. 26(a)(3). Defendants filed this motion after the discovery deadline, and the Court considers such argument waived.

For these reasons, the Court rejects Defendants' argument that Dr. Lewis' testimony should be excluded on expert designation grounds.

     ii. Daubert Standard

Although Defendants did not timely challenge Dr. Lewis' expert designation, the Local Rules permit *Daubert* motions to be filed "no later than the deadline for dispositive motions." L.U. Civ. R. 26(a)(3). As a result, this challenge to Dr. Lewis' testimony is timely. Defendants assert that Dr. Lewis' testimony should be excluded because his testimony does not meet the requirements of *Daubert* and Rule 702.

Pursuant to Rule 702 of the Federal Rules of Evidence:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    (b) the testimony is based on sufficient facts or data;

    (c) the testimony is the product of reliable principles and methods; and

    (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *Daubert*, 509 U.S. at 588.

Defendants contend that Dr. Lewis' opinions are unreliable and based on insufficient facts and data. [92] at 15-16. They characterize Dr. Lewis' testimony as "entirely speculative and based on conclusory *ipse dixit*." [92] at 15. For support that Dr. Lewis' testimony on Taylor's future medical care is speculative, Defendants cite *Hamilton v. McLemore*, No. 2:19-cv-47, 2021 WL 1654008, at *4 (S.D. Miss. Mar. 18, 2021). In *Hamilton*, the court found that a psychiatrist's opinions of his patients' future treatment were speculative because the patients had not yet begun treatment. *Id.* Defendants contend the same is true here.

Taylor instead contends that Dr. Lewis' testimony is not speculative because "the testimony regarding future treatment that Defendants seek to strike are based upon the very treatments that Dr. Lewis recommended which are included in his medical records." [115] at 4. Taylor also believes that *Hamilton* is distinguishable. *Id.* at 12.

The Court agrees that *Hamilton* is distinguishable and finds that Dr. Lewis' opinion on Taylor's future medical care satisfies the requirements of Rule 702 and

*Daubert*. In *Hamilton*, the plaintiffs did not seek treatment until more than three years after the subject accident, while here, Dr. Lewis began treating Taylor a few months after the subject accident. *Id.* Additionally, Taylor has started treatment, having underwent multiple rounds of physical therapy and continuing to take prescribed medications. *Id.* at 13. Dr. Lewis has treated Taylor for three years, beginning shortly after the subject accident. [115] at 12. His testimony on future care is limited to the treatments he prescribed, and Taylor started to receive those treatments. *Id.* Thus, the Court finds that Dr. Lewis' opinions on Taylor's future medical care are based on sufficient facts and reliable principles for testimony from a treating physician.

As a result, Defendants' Motion to Exclude or Limit Testimony from Dr. Adam Lewis [91] is denied.

> **B. Motion to Exclude or Limit Testimony from Kathy Smith, MS, CRC, CLCP and Dr. Gerald Lee [94]**

Defendants next move to limit testimony from Kathy Smith and Dr. Gerald Lee because of their reliance on Dr. Lewis' opinions on Taylor's future medical care. Defendants argue that because Ms. Smith is unqualified to provide an opinion on Taylor's future medical care, her life care plan should be excluded. Mem. in Support [95] at 5. Likewise, Defendants contend that the Court should exclude Dr. Lee's testimony that relies on Ms. Smith and Dr. Lewis' opinions because he also is not qualified to assess Taylor's future medical needs. *Id.* at 8.

Taylor disagrees. For support, she cites *Green v. Polyester Fibers, LLC*, No. 1:13-CV-234-SA-DAS, 2015 WL 6158813 (N.D. Miss. Oct. 20, 2015). In *Green*, the

court analyzed objections to two life care plans. *Id.* at *2-3. First, the court held that the expert witness's life care plan presented by the plaintiff was sufficient because it relied on "a personal interview with the subject of the life care plan" as well as "a thorough review of the subject's medical records." *Id.* at *2. The court held that to the extent that the defendant sought to "attack the sources or bases of the plan, it will have sufficient opportunity to do so through impeachment and cross-examination." *Id.* Second, the court held that to the extent that the plaintiff challenged the basis for the life care plan developed by the defendant's expert witness, such "objections fall within the purview of the jury." *Id.*, at *3.

Ms. Smith relied on a personal interview with Taylor, a thorough examination of Taylor's medical records, and an interview with treating physician, Dr. Lewis, in developing her life care plan. [116-1] at 1-2. Like the *Green* court, this Court finds that Ms. Smith provided a sufficient factual basis for her life care plan.

The Court also finds Dr. Lee's opinions admissible. Defendants object to his testimony to the extent that he relies on Ms. Smith and Dr. Lewis' opinions. [94] at 4. The Court permits both Ms. Smith and Dr. Lewis' testimonies. Dr. Lee's testimony is simply to calculate the present future value of their conclusions. [117] at 7-8. Thus, the Court finds no reason to exclude Dr. Lee's opinions.

C.  Motion to Strike Plaintiff's Expert as Untimely [102]

Defendants move to strike Dr. Menarvia Nixon-Gaddis as an expert witness. Mot. to Strike [102] at 1. Defendants contend that Taylor listed Dr. Nixon-Gaddis as an expert for the first time on May 14, 2021, nearly four months after Taylor's

expert designation deadline of January 27, 2021. *Id.* Thus, Defendants argue they suffered prejudice resulting from the untimely disclosure and Dr. Nixon-Gaddis should be barred from testifying. *Id.*  Taylor, on the other hand, contends that Defendants were on notice that Dr. Nixon-Gaddis was a treating physician since Taylor's October 27, 2020 deposition, and therefore insist that Defendants were not prejudiced by the untimely disclosure. Resp. to Mot. to Strike [121].

"If a party intends to present a witness who has been 'retained or specially employed to provide expert testimony in the case,' that party must disclose the identity of the witness who will provide expert testimony[.]" *Neel v. Fannie Mae*, No. 1:12-cv-311-HSO-RHW, 2014 WL 1338382, at *2 (S.D. Miss. April 2, 2014) (citing Fed. R. Civ. P. 26(a)(2)(A)). Such disclosure must occur "at the times and in the sequence that the [C]ourt orders." Fed. R. Civ. P. 26(a)(2)(D).

As discussed in Section III.A, *supra*, the Court considers the factors outlined in *Ulmer* in determining whether to permit improperly disclosed expert testimony. 2021 WL 4928455, at *2. Here, the Court finds that Dr. Nixon-Gaddis is stricken as an expert witness based on the *Ulmer* factors. The Court addresses each factor.

First, Taylor offers no excuse for her delay in designation. Second, the Court evaluates whether the proffered testimony is important to Taylor. Here, the record does not support a finding that Dr. Nixon-Gaddis' testimony is of particular importance to her. Dr. Nixon-Gaddis treated Taylor only one time, on October 15, 2020. Dr. Nixon-Gaddis Medical Record [102-5] at 1. Additionally, Taylor designated other treating physicians to testify about the injuries she sustained in

12

the subject accident. *See* Vickie Taylor's Second Supplemental Designation of Experts [102-3]. The Court therefore finds this factor supports excluding Dr. Nixon-Gaddis' testimony.

Finally, the Court assesses prejudice to Defendants. The Court finds that Defendants are prejudiced by the untimely designation. Taylor designated Dr. Nixon-Gaddis as an expert nearly four months late, she only briefly mentioned him in her deposition, and she disclosed his designation on the discovery deadline. *See id.* Because of Defendants' lack of notice, inability to pursue further discovery of this witness, and inability to make a timely objection under Local Rule 26 because of the timing of the designation, the Court finds prejudice to the Defendants. Thus, the Court finds that Dr. Nixon-Gaddis should be stricken as Taylor's expert witness. Defendants' motion is granted.

### D. Motion in Limine to Exclude Portions of the Testimony of Plaintiff's Experts Lewis, Goel and Nixon-Gaddis [164]

Defendants move to exclude portions of testimony from Dr. Lewis, Dr. Goel, and Dr. Nixon-Gaddis to the extent that the doctors consider future medical treatment not reflected in their medical records. [164] at 1-2. For the reasons in Section III.A, *supra*, the Court denies the motion related to Dr. Lewis. For the reasons in Section III.C, *supra*, the Court denies the motion as moot related to Dr. Nixon-Gaddis.

In response to the motion, Taylor represents that she "does not anticipate calling Dr. Goel [] to testify about future treatment of Taylor unless the future

treatment is included as part of [his] medical records." Mem. in Opp. [174] at 3. The Court therefore denies Defendants' motion.

IV.    Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court DENIES Defendants' Motion to Exclude or Limit Testimony from Dr. Adam Lewis [91], DENIES Defendants' Motion to Exclude or Limit Testimony from Kathy Smith, MS, CRC, CLCP and Dr. Gerald Lee [94], GRANTS Defendants' Motion to Strike Plaintiff's Expert as Untimely [102]; and DENIES Defendants' Motion in Limine to Exclude Portions of the Testimony of Plaintiff's Experts Lewis, Goel and Nixon-Gaddis [164].

SO ORDERED AND ADJUDGED this the 15th day of December, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE